EdiZONE, LLC
Casey K. McGarvey (4882)
123 East 200 North
Alpine, Utah 84004
(801) 936-1039
casey@edizone.com

Attorney for Plaintiff,
EdiZONE, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC,<br><br>          Plaintiff,<br><br>    vs.<br><br>TOY INVESTMENTS, INC. dba TOYSMITH, a Washington corporation, PIER 1 IMPORTS, INC., a Delaware corporation, and DOES 1 – 10,<br><br>         Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.: 2:10-cv-01088-TS<br><br>Judge Ted Stewart |

   EdiZONE, LLC, plaintiff, hereby alleges and claims against Defendants, Toy Investments, Inc. dba Toysmith, Pier 1 Imports, Inc., and Does 1 – 10, as follows:

### PARTIES, JURISDICTION & VENUE

   1.  Plaintiff, EdiZONE, LLC, is a Delaware limited liability company with its principle place of business in Alpine, Utah (hereafter "EdiZONE").

   2.  On information and belief, EdiZONE believes the following as to each of the Defendants:

a.      Toy Investments, Inc. dba Toysmith ("Toysmith") is a Washington

corporation.  Toysmith is in the business of selling toys in the United States of

America, including soft, or cushioning, types of toys.

b.      Pier 1 Imports, Inc. ("Pier1") is a Delaware corporation.  Pier 1 is in the

business of retail sales and sells or has sold Toysmith's cushioning toys.

c.      Does 1 – 10 are companies or individuals who are not now known by

EdiZONE, and leave will be sought hereafter to bring them into this action as their identities

become known and the basis for their liability.  They include, but are not limited to, other

retailers, importers, manufacturers, suppliers and/or individuals who control or direct Toysmith

and caused Toysmith, or any other Defendant, to engage in the conduct at issue in this action.

3.      Defendants do business in the State of Utah and/or otherwise have substantial

contacts with Utah and avail themselves of the benefits and protections of Utah law, including

through direct or indirect sales of products in Utah.

4.      Defendants are alleged to be liable to EdiZONE for patent infringement under the

laws of the United States of America.  Each Defendant has committed acts of infringement in

Utah.

5.      This Court has personal jurisdiction over the Defendants.

6.      Subject matter jurisdiction and venue are founded upon 28 U.S.C. § 1331,

1338(a), 1391 and 1400(b).

GENERAL ALLEGATIONS

7.      EdiZONE is the owner of valuable intellectual property created from the

expenditure of time and money, and that is protected under the patent laws of the United States

of America.

8.      In violation of EdiZONE's protected rights, Defendants are either unlawfully

making, having made, using and/or selling, or with actual or constructive knowledge are

unlawfully inducing other Defendants to make, use or sell, within the United States of America

various products, including but not limited to a toy cushion called Ginormous Worm (Item

#8380), a toy cushion called Nubby Stretch n' Bounce Ball (Item #1142) and a toy cushion

called Blob Ball (Item #8393PI) (the "Products"), or they are unlawfully selling or importing

into the United States of America a component of the Products with knowledge that the

component is especially designed for use in the Products and is not a staple article of commerce

suitable for substantial uses other than in the Products.  Upon information and belief, Defendants

are selling or have sold other toy cushions that also may be material to this action, and upon

further investigation and discovery EdiZONE may seek leave to amend this Complaint to include

them within the definition of Products as used in this Complaint.  At this time, EdiZONE

believes they may include any of the following toys: Spiky Ball (Item 2683); Super Flash Ball

(Item #2687); Mini Pom Pom Ball (Item #8991); Porcupine Ball (Item #2707); Creepy Worm

Ball (Item #8352); Water Swirl Bungee Ball (Item #8395); Giant Glow Amoeba Ball (Item

#8397); Giant Amoeba Ball (Item # 8386); and Amoeba Ball (Item # 8388).

9.      Defendants have been given notice by EdiZONE, or by the assignors of the

intellectual property now owned by EdiZONE, of the patents at issue in this action and that any

3

embodiment of the patented inventions in their toys infringes upon the intellectual property that is owned by EdiZONE at this time.

10.     Defendants have refused to cease their unlawful conduct and have also refused to enter into a license agreement under which they will pay to EdiZONE fair compensation for all past, present and future use of the intellectual property owned by EdiZONE.

11.     EdiZONE is forced by Defendants' conduct to seek protection of its intellectual property through this action against the Defendants.

12.     This action will be served upon Defendants, and prosecuted, only as a last resort should the Defendants give EdiZONE no reasonable alternative.

CLAIMS FOR RELIEF

First Claim for Relief (6,865,759 Patent)

13.     EdiZONE incorporates herein its allegations set forth above in paragraphs 1 through 12 as if fully restated.

14.     On March 15, 2005, U.S. Patent No. 6,865,759 (the "First Patent") issued to EdiZONE's predecessor in interest and thereafter through various assignments is now legally assigned to EdiZONE.

15.     The Ginormous Worm and Nubby Stretch n' Bounce Ball Products read on at least claims 1, 9 and/or 11 of the First Patent.  Other claims may be determined to be infringed as well through further investigation and discovery.

16.     Defendants have actual notice of the Patent through a notice that has been sent to Toysmith.

17.     Defendants do not have a licensed right to make, have made, use or sell, or with actual or constructive knowledge of the First Patent induce other Defendants to make, use or sell, the Ginormous Worm and Nubby Stretch n' Bounce Ball Products in the United States of America, or to sell or import into the United States of America a component of the Ginormous Worm and Nubby Stretch n' Bounce Ball Products with knowledge that the component is especially designed for use in the Ginormous Worm and Nubby Stretch n' Bounce Ball Products and is not a staple article of commerce suitable for substantial uses other than in the Ginormous Worm and Nubby Stretch n' Bounce Ball Products.

18.     Accordingly, Defendants are liable for direct infringement, inducing direct infringement and/or contributory infringement.

19.     If not enjoined by the Court, Defendants will continue to infringe, inducement direct infringement or contribute to such direct infringement of the First Patent.

20.     Upon information and belief, Defendants have acted and are acting willfully and with deliberate disregard of EdiZONE's rights in its First Patent.

21.     EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of Ginormous Worm and Nubby Stretch n' Bounce Ball Products sold, prejudgment and post judgment interest thereon, and exemplary damages and attorneys' fees.  EdiZONE also is entitled to injunctive relief.

Second Claim for Relief (6,905,431 Patent)

22.     EdiZONE incorporates herein its allegations set forth above in paragraphs 1 through 12 as if fully restated.

5

23.     On June 14, 2005, U.S. Patent No. 6,905,431 (the "Second Patent") issued to EdiZONE's predecessor in interest and thereafter through various assignments is now legally assigned to EdiZONE.

24.     The Blob Ball Products read on at least claims 2, 4 and/or 5 of the Second Patent. Other claims may be determined to be infringed as well through further investigation and discovery.

25.     Defendants have actual notice of the Second Patent through a notice that has been sent to Toysmith.

26.     Defendants do not have a licensed right to make, have made, use or sell, or with actual or constructive knowledge of the Second Patent induce other Defendants to make, use or sell, the Blob Ball Products in the United States of America, or to sell or import into the United States of America a component of the Blob Ball Products with knowledge that the component is especially designed for use in the Blob Ball Products and is not a staple article of commerce suitable for substantial uses other than in the Blob Ball Products.

27.     Accordingly, Defendants are liable for direct infringement, inducing direct infringement and/or contributory infringement.

28.     If not enjoined by the Court, Defendants will continue to infringe, inducement direct infringement or contribute to such direct infringement of the Second Patent.

29.     Upon information and belief, Defendants have acted and are acting willfully and with deliberate disregard of EdiZONE's rights in its Second Patent.

30.     EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of Blob Ball Products sold,

prejudgment and post judgment interest thereon, and exemplary damages and attorneys' fees.

EdiZONE also is entitled to injunctive relief.

PRAYER

WHEREFORE, EdiZONE respectfully prays for the following relief:

1.      A monetary judgment against Defendants, jointly and severally, to compensate

EdiZONE for its damages;

2.      Interest, prejudgment and post judgment, on the monetary judgment, as allowed

by law;

3.      Exemplary damages, including treble damages, and costs and attorneys' fees, as

allowed by law;

4.      Injunctive relief and any other equitable relief to prevent continuing damages to

EdiZONE;

5.      All such other relief as the Court deems necessary and appropriate.

JURY DEMAND

EdiZONE demands a trial by jury on all issues so triable.

DATED this 3rd day of November, 2010.


 /Casey K. McGarvey/
Casey K. McGarvey
Attorney for EdiZONE, LLC


Plaintiff's Address:
EdiZONE, LLC
123 East 200 North
Alpine, Utah 84004