MARK M. BETTIYLON (4798)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Tel:  (801) 532-1500
mbettilyon@rqn.com

*Attorneys for Toy Investments, Inc. dba Toysmith and Toysmith Imports, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC,<br><br>                              Plaintiff,<br><br>        v.<br><br>TOY INVESTMENTS, INC. dba TOYSMITH,  a Washington corporation, PIER 1 IMPORTS, INC., a Delaware corporation, and DOES 1 – 10,<br><br>                              Defendants. | **ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND INVALIDITY COUNTERCLAIM**<br><br>**JURY TRIAL REQUESTED**<br><br>Case No.:  2:10-cv-1088-TS<br><br>Judge Ted Stewart |

## I.      ANSWER

Toy Investments, Inc. ("Toysmith") answers Edizone, LLC ("Plaintiff")'s Amended Complaint as follows:

<u>PARTIES, JURISDICTION & VENUE</u>

1.      Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.      Toysmith admits the allegations in Paragraph 2(a).

3.      Toysmith admits the allegations in Paragraph 2(b).

4.      Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2(c).

5.      Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admits that it does business in the State of Utah.

6.      Toysmith denies the allegations in Paragraph 4.

7.      Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

8.      Toysmith admits the allegations in Paragraph 6.

GENERAL ALLEGATIONS

9.      Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

10.     Toysmith denies the allegations in Paragraph 8.

11.     Toysmith denies the allegations in Paragraph 9, except admits that Toysmith received notice of the patent asserted in the Amended Complaint.

12.     Toysmith denies the allegations in Paragraph 10.

13.     Toysmith denies the allegations in Paragraph 11.

14.     Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

CLAIM FOR RELIEF

(Infringement of the 6,905,431 Patent)

15.     Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except admits that U.S. Patent No. 6,905,431 ("the '431 Patent") issued on or about June 14, 2005.

16.     Toysmith denies the allegations in Paragraph 15.

17.     Toysmith admits the allegations in Paragraph 16.

18.     Toysmith lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

19.     Toysmith denies the allegations in Paragraph 18.

20.     Toysmith denies the allegations in Paragraph 19.

21.     Toysmith denies the allegations in Paragraph 20.

22.     Toysmith denies the allegations in Paragraph 21.

PRAYER

Toysmith denies that Plaintiff is entitled to any of the requested relief.

## II.     AFFIRMATIVE DEFENSES

FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff's claims for are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches, and equitable estoppel.

THIRD DEFENSE

The claims of the '431 Patent, as properly construed and interpreted in light of the prior art, their prosecution history and otherwise, are invalid and unenforceable for failure to comply with the requirements for patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, including, as more specifically, one or more of the following reasons:

A.     The alleged invention of the '431 Patent was known or used by others in this country before the invention thereof by the applicants for the '431 Patent, 35 U.S.C. § 102(a);

B.     The alleged invention of the '431 Patent was patented or described in a printed publication, or in public use or on sale in this country, more than one year prior to the day of the application for the patent in the United States, 35 U.S.C. § 102(b);

C.     The applicants for the '431 Patent did not themselves invent the subject matter patented, 35 U.S.C. § 102(f);

D.     The differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention

was made to a person having ordinary skill in the art to which the said subject matter relates, 35 U.S.C. § 103.

FOURTH DEFENSE

By reason of the proceedings in the PTO during the prosecution of the application for the '431 Patent, including without limitation the admissions, representations and/or other statements made by the named inventor and/or others substantively involved in the prosecution, Plaintiff is estopped from asserting a construction of any claim of the '431 Patent that would encompass literally or under the doctrine of equivalents any method practiced by Toysmith, or any products used, made or sold by Toysmith.

ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses that may be disclosed during discovery in this action.

## III.    COUNTERCLAIMS

Counterclaim-Plaintiff, Toy Investments, Inc. ("Toysmith") complains and alleges against Edizone, LLC ("Plaintiff") as follows:

PARTIES

1.    Toysmith is a Washington corporation with its principal place of business in Sumner, Washington.

2.    On information and belief, Edizone, LLC is a Delaware corporation with its principal place of business in Alpine, Utah.

JURISDICTION AND VENUE

3.    This Court has jurisdiction over the parties and the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202 and the United States patent laws, 35 U.S.C. § 1 et seq.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

COUNT 1

(Declaratory Judgment of Non-infringement & Invalidity of U.S. Patent 6,905,431)

5.      Toysmith repeats and realleges the allegations in Paragraphs 1 through 4 of its Counterclaim.

6.      On information and belief, U.S. Patent No. 6,905,431 ("the '431 Patent") issued on or about June 14, 2005.

7.      Plaintiff has charged Toysmith in this action with infringement of the '431 Patent.

8.      Plaintiff asserts the right to sue and recover damages for past and future infringement of the '431 Patent.

9.      An actual and substantial justiciable controversy exists between Toysmith and Plaintiff as to the validity of the '431 Patent and as to whether Toysmith has infringed or is infringing any valid claim of the '431 Patent.

10.     Toysmith is entitled to a declaration that the '431 Patent is invalid and/or not infringed by Toysmith for failure to comply with the requirements for patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

11.     Specifically, the '431 Patent is invalid and/or not infringed by Toysmith at least because a product called a "Color Morph Gel Ball," Play Visions, Inc. Item #2301, was both (a) shown and described in a printed publication and (b) "on sale" in the U.S. more than one year before the priority date to which the '431 Patent is entitled, thereby rendering the '431 Patent invalid under 35 U.S.C. § 102.

JURY TRIAL DEMAND

Defendants hereby demand a trial by jury of all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Toysmith respectfully requests the following relief:

A.      The Court adjudge, declare, and decree that the claims of '431 Patent are invalid and/or not infringed by Toysmith;

5

B.      Such other and further relief as this Court may deem just and proper.


DATED this 21st day of March, 2011.


                              RAY QUINNEY & NEBEKER P.C.


                              /s/ Mark M. Bettilyon                        
                              Mark M. Bettilyon

                              *Attorneys for Toy Investments, Inc. dba Toysmith
                              and Pier 1 Imports, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2011, I caused and true and correct

copy of the foregoing **ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE**

**DEFENSES AND INVALIDITY COUNTERCLAIM** to be filed with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to the following:

    Casey K. McGarvey
    EdiZONE, LLC\
    123 East 200 North
    Alpine, Utah 84004


                              /s/ Lori M. McGee

1127251